JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Barbara Lebra, Individually and as Administratrix of the Estate of Nicholas Lebra, deceased

## DEFENDANTS
Shuang Wang, M.D., Southern Jersey Family Medical Centers, Inc., John Doe #1-10 and John Doe Corporation #1-10.

**(b)** County of Residence of First Listed Plaintiff: **Salem**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Salem**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam M. Starr, Esq., Jarve Kaplan 10 Lake Center Executive Park, Ste. 204, 401 Route 73 N, Marlton, NJ 08053. astarr@nj-triallawyers.com; sdauria@nj-triallawyers.com; 856-235-9500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Tort Claims Act, 28 U.S.C. §§1346(b)(1) and 2674 and 28 U.S.C. §1367(a)
Brief description of cause:
Wrongful death, medical malpractice case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 01/03/2017
SIGNATURE OF ATTORNEY OF RECORD: Adam M. Starr

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 08/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**JARVE KAPLAN GRANATO STARR, LLC**
10 LAKE CENTER EXECUTIVE PARK
401 ROUTE 73 NORTH, SUITE 204
MARLTON, NJ 08053
TEL (856) 235-9500
FAX (856) 235-9502 OR 1620          Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA LEBRA, Individually and as Administratrix of the ESTATE OF NICHOLAS LEBRA, deceased,<br><br>Plaintiff(s),<br>v.<br><br>SHUANG WANG, M.D., SOUTHERN JERSEY FAMILY MEDICAL CENTERS, INC.; JOHN DOE # 1-10 and JOHN DOE CORPORATION # 1-10, i/j/s/a,<br>Defendants. | CIVIL ACTION NO.:<br><br>COMPLAINT, AFFIDAVIT OF MERIT, JURY DEMAND AND CERTIFICATION OF COUNSEL |

Barbara Lebra, individually and as Administratrix of the Estate of Nicholas Lebra, deceased, through her attorneys, Jarve Kaplan Granato Starr, LLC, by way of Complaint says:

### THE PARTIES

1. The Decedent, Nicholas Lebra, at all relevant times was an adult citizen of the State of New Jersey residing at 74 Greenwich

1

Street, Alloway, New Jersey, 08001.

2. The Plaintiff, Barbara Lebra, residing at 74 Greenwich Street, Alloway, New Jersey 08001, Is Administratrix of the Estate of Nicholas Lebra, deceased.

3. At all times material hereto, defendant, Shuang Wang, M.D. (hereinafter, "Dr. Wang"), was an Internal Medicine Physician duly licensed to practice in the State of New Jersey, held himself out as an expert in internal medicine and was engaged in the practice of his profession at Southern Jersey Family Medical Centers, Inc. in Salem, New Jersey.

4. At all times material hereto, defendant, Southern Jersey Family Medical Centers, Inc. was a facility, professional association and/or a partnership and/or a corporation and/or like entity operating in Salem, New Jersey. Defendant, Southern Jersey Family Medical Centers, Inc. provides and/or provided, directly and through its physicians, nurses, agents, employees and ostensible agents health care services to its patients.

5. At all times material hereto, defendant John Doe # 1-5 was/were physician(s) and/or surgeon(s) and/or nurse(s) and/or health care provider(s) duly licensed to practice in the State of New Jersey and was/were engaged in the practice of his/her/their profession at Southern Jersey Family Medical Centers, Inc.

2

6. At all times material hereto, defendant, John Doe Corporation # 1-5, was a professional association and/or a partnership and/or a corporation and/or a hospital and/or like entity operating within the State of New Jersey. Defendant, John Doe Corporation # 1-5, provides and/or provided, directly and through its physicians, nurses, agents, employees and ostensible agents health care services to its patients.

## JURISDICTION AND VENUE

7. This cause of action arises out of the defendants' negligence and the wrongful death of Decedent, Nicholas Lebra while under the care of the defendants.

8. Plaintiff invokes the pendant and ancillary jurisdiction of this court to hear and decide all claims, including those claims arising under State law.

9. The actions alleged in this Complaint were committed in the District of New Jersey, wherein, upon all reasonable belief, all the parties reside, govern and operate. Therefore, venue in this court is invoked under 28 U.S.C. §§ 1331 and 1343(1), (3) and (4).

10. This Court's jurisdiction is invoked pursuant to Federal Tort Claims Act, 28 U.S.C. §§1346(b)(1) and 2674 as well as 28 U.S.C. §1367(a).

11. On or about June 21, 2016, plaintiffs presented the SF95 Claim for Damage, Injury or Death to the Department of Health & Human Services.

12. The amount in controversy exceeds $150,000.00 on each count of this Complaint exclusive of interest and costs.

13. Venue in the District of New Jersey is proper under 28 U.S.C. §1391 because the events or omissions giving rise to this action occurred within the District of New Jersey.

## FIRST COUNT

14. On or about September 9, 2015, Letters of Administration were issued by the State of New Jersey, Salem County Surrogate's Court to the Plaintiff for the purpose of prosecuting a claim for the heirs-at-law and the Estate of Nicholas Lebra, deceased, against the Defendants for the death of Nicholas Lebra. The Plaintiff thereupon qualified and thereafter acted and is still acting in such capacity.

15. Decedent, Nicholas Lebra, left surviving him as his heirs-at-law, his wife, Barbara Lebra, his son, Nicholas Lebra, III, and his daughter, Natalie Lebra.

16. There is, and at the time of the accident hereinafter set forth was, in force and effect in the State of New Jersey, a

wrongful death statute known and designated as N.J.S.A.2A:31-1 et. seq. and a survival statute known as N.J.S.A. 2A:15-3. Plaintiff brings this action pursuant to provisions thereof for the benefit of the next of kin and the Estate of the Decedent.

17. On May 4, 2015, Decedent, Nicholas Lebra, age sixty-six (66), presented to Dr. Wang at Southern Jersey Family Medical Centers.

18. In the several weeks prior to this office visit, decedent, Nicholas Lebra had symptoms which included upper respiratory infection complaints, dependent edema, nausea, vomiting, anorexia and central chest tightness. Mr. Lebra also had a family history of heart disease for both parents.

19. Upon information and belief, before this office visit, decedent, Nicholas Lebra had not treated at any facility for any reason for nearly twenty-two (22) years. He had no prior chronic illnesses of which he was aware for which he was treating.

20. Upon presentation to Dr. Wang, Dr. Wang did a brief history and physical examination and diagnosed Mr. Lebra with an acute upper respiratory infection, hypertension and obesity. Dr. Wang referred Mr. Lebra to a gastroenterologist, and prescribed Prilosec and Promethazine DM.

21. Plaintiff, Barbara Lebra, who was present for the examination, requested that Dr. Wang do an EKG or further testing for her

5

husband, but was refused. Dr. Wang instructed Mr. Lebra to follow up in four (4) weeks.

22. Upon information and belief, during the course of his care, Decedent was assessed, diagnosed and otherwise treated by only Dr. Wang.

23. Plaintiff, Barbara Lebra, was concerned about Decedent's physical condition and reached out to Dr. Wang to express such concerns, and specifically requested an EKG be performed to assess decedent, Nicholas Lebra's cardiac health.

24. Upon information and belief, Decedent, Nicholas Lebra, did not receive any substantive treatment for what was an evolving myocardial infarction despite having been evaluated by Dr. Wang with complaints that were consistent with myocardial infarction and/or other cardiac etiologies.

25. Upon information and belief, the above-captioned defendants failed to appreciate the significance of Decedent's clinical presentation and findings.

26. Dr. Wang took no steps to rule-out cardiac etiologies for Mr. Lebra's complaints and failed to perform any evaluation or diagnostic testing that would have been reasonably anticipated to discover same.

27. On May 21, 2015, Mrs. Lebra noticed that her husband was

unresponsive. 911 was called, and Mrs. Lebra began CPR. The ambulance arrived and Nicholas Lebra was transported to Salem Hospital.

28. When Plaintiff, Barbara Lebra arrived at the hospital, she was informed that her husband had been pronounced. Cardiac arrest was listed as the cause of death on the death certificate. The death certificate was signed by Defendant, Shuang Wang, M.D.

29. At the time and place aforesaid, the Defendants herein were grossly negligent through their collective acts and/or omissions insofar as they failed to properly assess and treat Decedent, Nicholas Lebra.

30. As a direct and proximate result of the aforesaid acts and/or omissions of the Defendants, Plaintiff's decedent, Nicholas Lebra, up to the time of his death, sustained injuries, and endured great pain and suffering and large sums of money were expended for hospital, medical, funeral and burial costs, for which the Estate of the Decent was liable.

WHEREFORE, Plaintiff demands judgment against the Defendants herein individually, jointly, severally and in the alternative for damages together with interest and costs of suit.

## SECOND COUNT

31. Paragraphs 1 - 30 are incorporated herein and made a part

7

hereof but for the sake of brevity are not set forth.

32. The defendant, Shuang Wang, M.D. and/or John Doe #1-10, as the agent(s), servant(s) and/or employee(s) of the Defendant(s), Southern Jersey Family Medical Centers, Inc., and/or John Doe Company 1-10 (John Doe and/or John Doe Company 1-10 being fictitious names), was an internal medicine physician who participated in the care, diagnosis and treatment of Decedent, Nicholas Lebra, beginning on May 4, 2015, and as such was responsible for the proper management of various aspects of his medical care and treatment.

33. Defendant, Shuang Wang, M.D., and/or John Doe #1-10, undertook the aforesaid care of Decedent, Nicholas Lebra, with the knowledge and intention that he would rely on defendant's opinions, knowledge, training and experience in regard to the care rendered to him at Southern Jersey Family Medical Centers, Inc.

34. Defendant, Shuang Wang, M.D., and/or John Doe #1-10, undertook the aforesaid care of Decedent, Nicholas Lebra, for compensation in the course of his duties as a member, partner, employee, servant and/or agent of the defendant, Southern Jersey Family Medical Centers, Inc.

35. Defendant, Shuang Wang, M.D., and/or John Doe #1-10, held himself out to Decedent, Nicholas Lebra, and the public as an

8

internal medicine physician with experience in proper procedures and protocols and the diagnosis, care and treatment of his patients.

36. Defendant, Shuang Wang, M.D., and/or John Doe #1-10, owed a duty of care to Decedent, Nicholas Lebra, which was breached to his great detriment.

37. Defendant, Shuang Wang, M.D., and/or John Doe #1-10, was careless, negligent and grossly negligent in that he:

(a) failed to properly assess Decedent;

(b) failed to properly diagnose Decedent;

(c) failed to properly treat Decedent;

(d) failed to properly observe Decedent for cardiac etiologies;

(e) failed to properly stabilize Decedent;

(f) failed to properly request consultations with physicians from other specialties;

(g) failed to take into account the signs, symptoms, clinical manifestations and diagnostic findings associated with coronary artery disease and myocardial infarction; and,

(h) was otherwise negligent.

38. As a direct and proximate result of the negligence, recklessness, gross negligence and carelessness of defendant,

9

Shuang Wang, M.D., and/or John Doe #1-10, Decedent, Nicholas Lebra, endured great physical and emotional suffering, pain, anguish, humiliation, embarrassment and loss of enjoyment of life and eventually died.

39. As a direct and proximate result of the negligence, recklessness, gross negligence and carelessness of defendant, Shuang Wang, M.D., and/or John Doe #1-10, Decedent's survivors suffered and continue to suffer a financial loss as well as a loss of services, assistance and care as well as training, guidance and counsel.

WHEREFORE, the Plaintiff demands judgment against the defendant, Shuang Wang, M.D., and/or John Doe #1-10 (John Doe #1-10 being fictitious names) individually, jointly, severally, and/or in the alternative, for damages together with costs of suit.

### THIRD COUNT

40. Paragraphs 1 - 39 are incorporated herein and made a part hereof but for the sake of brevity are not set forth.

41. Defendant, Southern Jersey Family Medical Centers, Inc., and/or John Doe Corporation #1-10, is and/or was a medical center and/or professional association and/or a partnership and/or a corporation and/or medical/surgical practice and/or other business

10

entity duly licensed and operating in the State of New Jersey.

42. Defendant, Southern Jersey Family Medical Centers, Inc., and/or John Doe Corporation #1-10, was negligent, reckless, grossly negligent or careless through its members, partners, employees, servants, agents and ostensible agents, in its medical/surgical care and treatment rendered to Plaintiff's decedent while under the care of its physicians.

43. Defendant, Southern Jersey Family Medical Centers, Inc., and/or John Doe Corporation #1-10, was negligent, reckless, grossly negligent or careless in the training, staffing, credentialing, hiring, firing and supervision of its members, partners, employees, servants, agents and ostensible agents.

44. Defendant, Southern Jersey Family Medical Centers, Inc., and/or John Doe Corporation #1-10, owed a duty of care to Decedent, Nicholas Lebra, which was breached to his great detriment.

45. As a direct and proximate result of the negligence, recklessness, gross negligence and carelessness of defendant, Southern Jersey Family Medical Centers, Inc., and/or John Doe Corporation #1-10, Decedent, Nicholas Lebra, endured great physical and emotional suffering, pain, anguish, humiliation, embarrassment and loss of enjoyment of life and eventually died.

46. As a direct and proximate result of the negligence,

11

recklessness, gross negligence and carelessness of defendant, Southern Jersey Family Medical Centers, Inc., and/or John Doe Corporation #1-10, Decedent's survivors suffered and continue to suffer a financial loss as well as a loss of services, assistance and care as well as training, guidance and counsel.

WHEREFORE, Plaintiff demands judgment against the Defendants herein individually, jointly, severally and in the alternative for damages together with interest and costs of suit.

### FOURTH COUNT

47. Paragraphs 1-46 are incorporated herein and made a part hereof but for the sake of brevity are not set forth.

48. As a direct and proximate result of the carelessness and negligent conduct or omissions of the defendants named herein, Decedent, Nicholas Lebra, suffered grievous personal injuries to his body systems some or all of which resulted in his eventual demise.

49. As a direct and proximate result of the negligence, recklessness, gross negligence and carelessness of all defendants, Decedent, Nicholas Lebra, endured great physical and emotional suffering, pain, anguish, humiliation, embarrassment and eventually died.

50. As a direct and proximate result of the negligence,

recklessness, gross negligence and carelessness of all defendants, Decedent's survivors suffered and continue to suffer a financial loss as well as a loss of services, assistance and care as well as training, guidance and counsel.

51. As a direct and proximate result of the aforesaid, Decedent, Nicholas Lebra has been prematurely caused to die.

52. The Decedent, Nicholas Lebra was damaged as stated above, for which the Defendants, Shuang Wang, M.D. and/or Southern Jersey Family Medical Center, Inc. an/or John Doe #1-10 and/or John Doe Corporation #1-10 are responsible based on doctrines of vicarious liability and *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against the Defendants herein individually, jointly, severally and in the alternative for damages together with interest and costs of suit.

### FIFTH COUNT

53. Paragraphs 1-52 are incorporated herein and made a part hereof but for the sake of brevity are not set forth.

54. As a consequence of the negligence and carelessness of all the defendants, Plaintiff, Barbara Lebra suffered severe emotional and mental distress as a result of witnessing the heart attack of her husband, Nicholas Lebra, for which injury she contends that the

13

defendants are responsible.

55. The negligence of all defendants was a proximate cause of the emotional and mental distress suffered by Plaintiff, Barbara Lebra.

WHEREFORE, Plaintiff demands judgment against the Defendants herein individually, jointly, severally and in the alternative for damages together with interest and costs of suit.

### SIXTH COUNT

56. All of the allegations of the First, Second, Third, Fourth and Fifth Counts are incorporated herein and made a part hereof but for the sake of brevity are not set forth.

WHEREFORE, Plaintiff demands judgment against each and every of the above-captioned defendants for compensatory damages, attorneys costs and fees along with any and all penalties and damages available and as this Honorable Court deems just and proper pursuant to N.J.S.A. 2A:31-1, the New Jersey Wrongful Death Act as well as N.J.S.A. 2A:15-3, the New Jersey Survivors Act.

### AFFIDAVIT OF MERIT

See Affidavit of Merit of Kevin Edmund Bell, M.D. attached hereto.

### JURY DEMAND

The Plaintiff hereby demands trial by a jury as to all issues.

**TRIAL DESIGNATION**

PLEASE TAKE NOTICE that ADAM M. STARR, ESQUIRE, is hereby designated as trial counsel in the above matter.

**CERTIFICATION OF ADAM M. STARR, ESQUIRE**

ADAM M. STARR, ESQ., hereby certifies that the matter in controversy is not the subject of any other matter in any other court.

JARVE KAPLAN GRANATO STARR, LLC

Attorneys for Plaintiff

Dated: January 3, 2017    By: _____
                              ADAM M. STARR

15